IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| HERBERT HERMAN FEIST, JR., TDCJ #00318012,<br>Petitioner,<br>VS.<br><br>LORIE DAVIS, Director, Texas Department of Criminal Justice, Correctional Institutions Division,<br>Respondent. | §§§§§§§§§§§§ CIVIL ACTION NO. 3:17-CV-267 |

## MEMORANDUM OPINION AND ORDER

The petitioner, Herbert Herman Feist, Jr. (TDCJ #00318012), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge a long-expired conviction for aggravated assault (Dkt. 1 at p. 2). After reviewing all of the pleadings and the applicable law under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **DISMISSED** for the reasons set forth below.

### I. BACKGROUND

Feist was convicted of aggravated robbery in Jefferson County in 1981 and received a 40-year prison sentence. In 1992, while serving his 40-year sentence, Feist evidently stabbed another man with a ballpoint pen. He pled guilty in 1994 in Brazoria County to a charge of aggravated assault stemming from that incident and received a five-year sentence.

Twenty years ago, Feist filed a federal habeas petition in this Court challenging the aggravated assault conviction; and Judge Gibson, on the recommendation of Judge Froeschner, dismissed the petition for want of jurisdiction because Feist had fully discharged the five-year sentence and was no longer "in custody" for the aggravated assault conviction. *See* Case Number 3:97-CV-370 at Dkt. 22 and Dkt. 25.[1] In this petition, Feist is again challenging the aggravated assault conviction. His main complaint appears to be that, on April 16, 2017, the aggravated assault conviction was cited as a reason that he was denied release on parole (Dkt. 1 at p. 10).

## II. THIS IS AN UNAUTHORIZED SUCCESSIVE PETITION.

An applicant wishing to file a "second or successive" federal habeas application with a district court must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). This requirement "creates a gatekeeping mechanism for the district court's consideration of successive applications for habeas relief." *Propes v. Quarterman*, 573 F.3d 225, 229 (5th Cir. 2009). A petition is successive "when it either presents a challenge to the petitioner's conviction or sentence that could have been presented in an earlier petition or can be said to be an abuse of the writ." *Id.* (quotation marks omitted). Feist makes several attacks on the aggravated assault conviction, most of which amount to challenges to the sufficiency of the evidence supporting it—a challenge undercut by Feist's decision to

---

[1] Feist did not disclose the prior petition to this Court on his habeas petition form (Dkt. 1 at p. 9), and he has been warned at least twice by the Fifth Circuit that he is inviting sanctions with the "long line of meritless pleadings that [he] has filed in several courts." *See* Fifth Circuit Docket Numbers 98-00263 and 04-41181.

plead guilty. In any event, Feist could have raised those grounds in his prior petition, and this petition is successive as defined by the caselaw. Feist must obtain authorization from the Fifth Circuit before this Court can consider his petition. Until he obtains that authorization, this Court lacks jurisdiction over the petition. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

### III. FEIST IS NO LONGER "IN CUSTODY" FOR HIS AGGRAVATED ASSAULT CONVICTION.

The Court also lacks jurisdiction for the same reason that Judge Gibson concluded that it lacked jurisdiction 20 years ago: Feist has fully discharged the five-year sentence and is no longer "in custody" for the aggravated assault conviction.

The federal writ of habeas corpus is an extraordinary remedy which shall not extend to any prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) & 2254(a); *Brecht v. Abrahamson*, 507 U.S. 619, 633–34 (1993) (explaining that "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness"). The "in custody" requirement is essential—"[f]ederal district courts do not have jurisdiction to entertain section 2254 actions if, at the time the petition is filed, the petitioner is not 'in custody' under the conviction or sentence which the petition attacks." *Hendrix v. Lynaugh*, 888 F.2d 336, 337 (5th Cir. 1989) (citing *Maleng v. Cook*, 109 S.Ct. 1923, 1925 (1989)). It has been more than 20 years since Feist was in

custody for the conviction he (again) seeks to challenge. This Court lacks jurisdiction over this petition.[2]

## IV. CERTIFICATE OF APPEALABILITY

The federal habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2253. Therefore, a certificate of appealability is required before an appeal may proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different

---

[2] The Court notes that federal courts may exercise jurisdiction over habeas petitions that attack expired convictions used to enhance a sentence. *Godfrey v. Dretke*, 396 F.3d 681, 685 (5th Cir. 2005). However, even if Feist is trying to bring such an attack, "the Supreme Court has said that [such petitions] generally do not state a cognizable legal claim." *Id.* Indeed, the Supreme Court has only definitively set out one circumstance under which a federal habeas petition may attack an expired conviction used to enhance a sentence: when the expired conviction "was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, as set forth in *Gideon v. Wainwright*[.]" *See Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 402–04 (2001). If there is no *Gideon* violation, then a state prisoner "generally may not challenge [an] enhanced sentence through a petition under § 2254 on the ground that [a] prior [enhancing] conviction was unconstitutionally obtained." *Id.* Feist has not alleged a violation of *Gideon* and, in fact, has argued that his appointed counsel provided ineffective assistance (Dkt. 1 at p. 8).

manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not otherwise allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

V. **CONCLUSION**

Based on the foregoing, the Court **ORDERS** as follows:

1. The petition for a writ of habeas corpus (Dkt. 1) is **DISMISSED** for want of jurisdiction.

2. All pending motions are **DENIED** as moot.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Galveston, Texas, on November 14, 2017.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE